UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. MAST, | ) | CASE NO.: 1:21-CV-02370 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Joseph P. Mast to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 12, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On October 26, 2022, Mast objected to the R&R. On November 9, 2022, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Mast objects to the Magistrate Judge's conclusion that the ALJ properly satisfied the criteria of Listing 12.03. Doc. 14, p. 2. At the outset, the Court notes that the R&R concluded that Mast waived this issue.

> Mast argues that the ALJ committed errors that entitle him to relief. At the outset, however, Mast's brief does him no favors. Although represented by counsel, he employs a stream-of-consciousness presentation that turns determining what's at issue into a challenge.
>
> For starters, the caption to Mast's second argument suggests that his second argument will feature a discussion of how the ALJ erred in finding that Mast couldn't "engag[e] in substantial gainful activity." Doc. 9, at 10. But Mast barely mentions this issue in his argument and instead meanders around issues without fully developing any. So Mast has waived his arguments.

Doc. 13, p. 18. Regardless of waiver failure, the R&R attempted to make sense of Mast's briefing, construing his argument as one challenging the ALJ's conclusion that Mast did not meeting Listing 12.03 at Step Three. Doc. 13, p. 19.

> On the issue of whether Mast met Listing 12.03, the R&R concludes:
>
> Mast appears to begin with a criticism of the ALJ's step-three analysis of whether Mast met Listing 12.03. Unfortunately, he merely asserts that "[t]he actual evidence," apparently "documented above," supports his argument. Doc. 9, at 12–13. But this leads to the question of where "above" he documented this evidence. For instance, Mast says "As set forth above, he had extreme difficulty maintaining his ability to concentrate, persist, and maintain pace." Id. at 12. But the facts he recites at the beginning of his argument merely reflect that he once reported "difficulty concentrating," id. at 11 (citing Tr. 258), and that he testified that he couldn't work due to tiredness and inability to concentrate, id. (citing Tr. 45). The recited facts don't touch on Mast's ability to persist or maintain pace and he doesn't explain how those fact show that his difficulty concentrating was "extreme."
>
> Moreover, in the part of his second argument that may be his challenge to the ALJ's listing analysis, Mast only cites the evidentiary portion of the record once. Doc. 9 at 13 (citing Tr. 284). Otherwise, he doesn't cite the record to support his assertions and doesn't engage with the standard of review and explain why substantial evidence does not support the ALJ's determination that Mast failed to meet the paragraph B criteria of listing 12.03. So, if Mast is challenging the ALJ's listing analysis, his challenge fails.

Doc. 13, p. 19-20.

In his objections, Mast makes no attempt to counter the R&R's conclusion that he has waived these arguments due to his failure to present and support them. The R&R explained that Mast failed to satisfy his burden to show that the ALJ erred on these issues because he failed to support his assertions, engage with the standard of review, and explain why substantial evidence did not support the ALJ's conclusion. On review, the Court agrees. Mast's initial briefing makes conclusory factual statements without record support. For example, "Part A of Listing 12.03 requires that a person have delusions or hallucinations, disorganized thinking, or grossly disorganized behavior or catatonia. In this matter, it is clear, as set forth above, that Mast had delusions along with problems thinking and concentrating." Mast makes no attempt to identify which evidence is "as set forth above" to support this contention. Further, Mast argues/concludes as follows:

> The actual evidence, as documented above, indicated that Mast was seriously limited in his ability to function independently, appropriately, effectively, and on a sustained basis in at least two of the "B" criteria. As set forth above, he had extreme difficulty maintaining his ability to concentrate, persist, and maintain pace. In addition, he had a serious limitation with adapting and managing himself. Finally, Mast's condition would deteriorate when there were changes in his environment with him sleeping all the time and discussing his paranoid delusions regarding the police. The totality of his psychological impairments limited Mast's ability to function independently, appropriately, effectively, and on a sustained basis.

Doc. 9, p. 11. This is merely a conclusion without any connection to any supporting evidence.

Mast's briefing required the Magistrate Judge to resort to creating arguments for him, guessing as to what evidence he believes supports his statements. This will not do. As the R&R concluded, Mast failed to properly present these arguments and therefore they are waived. To the extent that the R&R construed his arguments as a failure to meet Listing 12.03, the Court agrees with the R&R's conclusion that the ALJ did not err on this issue.

For the reasons stated above, Mast's objections are OVERRULED. The R&R is

ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: December 14, 2022                     /s/ John R. Adams
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE